UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

June 17, 2020

LETTER TO COUNSEL

    RE:   *Linda S. v. Saul*
           Civil No. DLB-19-661

Dear Counsel:

    On April 8, 2019, Plaintiff Linda S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 14 ("Pl.'s Mot."), ECF No. 21 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff filed her claims for benefits on December 22, 2015, alleging a disability onset date of November 3, 2015. Administrative Transcript ("Tr.") 232, 241. Her claims were denied initially and on reconsideration. Tr. 157-62, 166-69. A hearing was held on December 13, 2017, before an Administrative Law Judge ("ALJ"). Tr. 18-38. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 21-32. The Appeals Council denied Plaintiff's request for review, Tr. 5-10, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

    The ALJ found that Plaintiff suffered from the severe impairments of "obesity; degenerative disc disease; cervicalgia; lumbar spondylosis; anxiety; post traumatic stress disorder; bilateral leg varicose veins and venous insufficiency – status post laser ablation; vertigo; [and] asthma." Tr. 23-24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can never climb ladders, ropes, or scaffolds and never balance. She can have occasional exposure to irritants such as fumes, odors, dusts, gases, poorly

>   ventilated areas, and chemicals. She can perform work that is limited to simple, routine, and repetitive tasks in a work-environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes. She can also perform work involving only occasional interaction with the public and supervisors.

Tr. 26. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a vice president of a commercial bank or sales manager, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

On appear, Plaintiff challenges the ALJ's RFC assessment. Pl.'s Mot. 3-16. Specifically, Plaintiff argues that the ALJ failed to account for her moderate limitations in concentration, persistence, and pace, in contravention of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). She also claims that the ALJ's failure to define "fast-paced production requirements" prevents judicial review under Fourth Circuit precedent, that the ALJ failed to support and explain how Plaintiff could stay on task throughout a workday, that the ALJ failed to evaluate the combined effect of her impairments, and that the ALJ failed to adequately address her headaches. *Id*. I agree that the ALJ's RFC assessment was inadequate under Fourth Circuit precedent and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff argues that the ALJ's failure to explain or define what he meant by "fast-paced production requirements" was error. *Id*. at 7-10. For support, she cites to the Fourth Circuit's decisions in *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019), and *Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. Mar. 8, 2019) (unpublished). In *Thomas*, the Fourth Circuit explained that the ALJ's failure to define "production rate or demand pace" frustrated appellate review. 916 F.3d at 312; *see also Perry*, 765 F. App'x at 872 (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ's RFC – and accompanying hypothetical to the VE – included a limitation to "a work-environment free of fast-paced production requirements," Tr. 26, 69, without further definition or explanation. The term "fast-paced production requirements" is similar to the terms "production rate" and "demand pace" that the Fourth Circuit found frustrated appellate review in *Thomas*. *See also Yvonne M. v. Comm'r, Soc. Sec. Admin.*, Civil No. 18-2034-RDB, 2019 WL 2058834, at *2 (D. Md. May 9, 2019), *report adopted* 2019 WL 3546663 (May 29, 2019) (remanding where "ALJ provided no definition of a 'work environment free of fast-paced production requirements' or any of the relevant components of that phrase."). Therefore, remand is warranted to allow the ALJ to explain what he meant by "fast-paced production requirements" in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review.

The Commissioner argues that "the *Thomas* and *Perry* courts said nothing about the specific RFC at issue here," that this Court has affirmed similar RFC limitations, and that the

ALJ's discussion of Plaintiff's mental limitations sufficiently supports the RFC. Def.'s Mot. 10-12. First, while not identical, the limitation here to "fast-paced production requirements" is analogous to the limitations deemed insufficient without further explanation in *Thomas*, 916 F.3d at 312 ("production rate or demand pace"), and *Perry*, 765 F. App'x at 872 ("non-production oriented work setting"). Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, if the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term "fast-faced production requirements." Second, this Court has affirmed limitations where the ALJ provided sufficient explanation or definition, *see Teresa B. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) (determining that the ALJ provided a sufficient explanation for the limitation "no work requiring high-quota production-rate pace" by adding "(i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)"), but the ALJ here offered no such explanation. Third, the ALJ's discussion of Plaintiff's mental limitations does not rectify the Fourth Circuit's concerns. The ALJ did not provide a reason or an explanation for adding the RFC limitation.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining concerns: whether the ALJ properly evaluated her limitations in concentration, persistence, and pace; whether the RFC adequately accounted for those limitations; whether the ALJ evaluated the combined effect of her impairments; and whether the ALJ properly evaluated her headaches.[1] On remand, the ALJ may consider those arguments and determine whether to include additional explanations for his findings.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 14 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 21, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

---

[1] Although the ALJ did not determine whether Plaintiff's headaches were considered a severe impairment at step two, he noted Plaintiff's allegations of migraine headaches, Tr. 27 ("[Plaintiff] experiences migraines daily, which are brought on by florescent lighting, so she wears sunglasses regularly. Her migraines can last anywhere from one hour to all day and when they are really bad, she vomits."), and that medical records show she complained of "dizziness and frequent/severe headaches, but report[ed] no loss of consciousness, no weakness and no seizures," Tr. 28. The Commissioner correctly points out that the ALJ found that Plaintiff's vertigo was a severe impairment, and that the record is unclear whether her migraines were a symptom of vertigo or a separate diagnosis. Def.'s Mot. 13. It is also unclear whether the record satisfies the duration requirement for Plaintiff's headaches. On remand, the ALJ should explain whether Plaintiff's headaches are a symptom or an impairment, and whether they impose work-related limitations.